UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0097-SEB-DKL-1 |
| | ) | |
| WENDALL LEE CHEESE, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 29, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 19, 2013 and January 29, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On January 29, 2014, defendant Wendall Lee Cheese appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Patrick Jarosh, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Cheese of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Cheese questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Cheese and his counsel, who informed the court they had reviewed the Petition and that Mr. Cheese understood the violations alleged. Mr. Cheese waived further reading of the Petition.

3. The court advised Mr. Cheese of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Cheese was advised of the rights he would have at a preliminary hearing. Mr. Cheese stated that he wished to waive his right to a preliminary hearing.

4. Mr. Cheese stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Cheese executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Cheese of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Cheese, by counsel, stipulated that he committed Violation Numbers 1 through 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol."**<br><br>As previously reported to the Court, on April 14, 2011, the offender was arrested and charged with Public Intoxication, a misdemeanor, in Marion County, Indiana, under cause number 49F19-1104-CM-026282. At the time of his arrest, the offender displayed signs of intoxication and submitted to a portable breath test which registered .160% BAC.<br><br>On June 13, 2011, the offender pled guilty to the offense of Public Intoxication and was sentenced to 180 days in jail, with 178 days suspended, and 16 hours of community service. |
| 3 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>On July 14, 2013, the offender was arrested and charged with Domestic Battery and Criminal Confinement, both felonies, and Interference with Reporting of a Crime, a misdemeanor, in Hancock County, Indiana, under cause number 30D01-1307-1022. The offender allegedly strangled his wife, Sonja Cheese, and cut her with scissors during a domestic dispute. Additionally, the offender allegedly held her in the bathroom for two hours. According to Court filings, the offender committed these acts in the physical presence of a minor under the age of 16.<br><br>The offender is being held at the Hancock County, Indiana, Jail, on a $2,000 cash bond. A pretrial conference is scheduled for September 11, 2003. |

7. The court placed Mr. Cheese under oath and directly inquired of Mr. Cheese whether he admitted violations 1 through 3 of his supervised release set forth above. Mr. Cheese admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Cheese's criminal history category is IV.

    (c)  The range of imprisonment applicable upon revocation of Ms. Sander's supervised release, therefore, is 6-12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

 9. The Government moved to dismiss violation 4 and the Court granted the same.

 10. The parties presented oral argument on the appropriate penalty to be imposed in light of the violations found.

 The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, WENDALL LEE CHEESE, violated the above-specified conditions in the Petition and that the conditions of his supervised release should be and therefore are **MODIFIED** as follows: pursuant to 18 U.S.C. § 3583(d) and 18 U.S.C. § 3563(b)(19), Mr. Cheese shall be placed on home detention when not at work or attending religious services or traveling to or from the same, with electronic monitoring at defendant's expense for a period of sixty (60) days, with all other conditions of his supervised release to remain in effect. The defendant is to remain on current conditions of supervised release pending the district court's action on this Report and Recommendation.

 The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those

portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Cheese's supervised release, placing Mr. Cheese on home detention when not at work or attending religious services or traveling to or from the same, with electronic monitoring for sixty (60) days, expense to be paid by Mr. Cheese, with all other terms of supervised release to remain the same.

IT IS SO RECOMMENDED.

Date: 03/11/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal